Filed 3/21/16  P. v. Lopez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLEY LOPEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B261343<br>(Super. Ct. No. 2013033515)<br>(Super. Ct. No. 2011007300)<br>(Ventura County) |

Charley Lopez appeals his conviction by jury for three counts of second degree robbery (Pen. Code, § 211) with special findings that he personally used a shotgun in the first robbery (§ 12022.53, subd. (b)) and a knife in the second and third robberies (§ 12022, subd. (b)).[1]  Appellant admitted suffering a prior strike conviction (§§ 667, subds. (c) & (e)(1); 1172.12, subds. (a)(1) & (c)(1)) and a prior serious felony conviction (§ 667, subd. (a)(1)), and was sentenced to 25 years eight months state prison.  In Case Number 2011007300, the trial court revoked probation and imposed a consecutive two-

---

[1] All statutory references are to the Penal Code unless otherwise stated.

year sentence.[2]  Appellant contends that the evidence does not support the finding that he used a "real" firearm and that he was denied ineffective assistance of counsel.  We affirm.

*Facts and Procedural History*

Appellant ("Little Malo"), an active member of the Colonia Chiques gang, robbed Adrian Alvarado and Eric Ramirez on the street on June 26, 2013 at 8:00 p.m. Appellant brandished a knife and had a bandana or T-shirt over his face.  He took two Playstation controllers and three games from Alvarado and threatened to "whack" him if Alvarado reported the crimes.  Alvarado's companion, Ramirez refused to give up his cell phone.  Appellant put the knife against Ramirez's abdomen, took the phone, and fled.

Alvarado called 911 and identified appellant in a photo lineup.  Alvarado said the robber lived in the neighborhood and went by the name "Malo."

Ninety minutes after the Alvarado/Ramirez robbery, appellant and a man approached Rodolfo Gaytan.  Brandishing a sawed off shotgun, appellant told Gaytan "Don't move or I'll shoot."  Appellant had a T-shirt over his face but Gaytan recognized appellant's eyes and voice.

Appellant's accomplice pointed a revolver at two teenagers (Alejandro A. and his younger brother Jesus A.) who were playing nearby with a plastic BB gun. Appellant told them to drop the BB gun.  Appellant told Gaytan not to call the police and slapped his cell phone out of his hand.  As Gaytan reached down to pick up the phone, appellant grabbed his wallet and fled.  The wallet contained $30.

Gaytan initially thought appellant was "just playing around" and that the shotgun was a toy because two teenagers were playing nearby with a toy BB gun. Gaytan realized it was a real shotgun when appellant poked him in the back with the cold metal barrel.  Gaytan said that it was a 12 gauge shotgun, and that it had a wood stock and was about two feet long.

---

[2] In Case Number 2011007300 appellant was convicted by plea of assault by means likely to produce great bodily injury (§ 245, subd. (a)(1), with a gang enhancement (§ 186.22, subd. (b)(1)).

2

A bystander, Adolfo Tamayo, called 911 and reported the robbery. Tamayo said the robbers were Hispanic and that one of the robbers had a shotgun and black hooded sweatshirt.

The two teenagers testified. Alejandro said the shotgun was black but could not tell whether it was real because it was dark. Alejandro's brother, Jesus, said the shotgun looked real.

Appellant defended on the theory of mistaken identification.

*Substantial Evidence - Firearm Enhancement*

Appellant argues that the evidence does not support the finding that he used a real shotgun in the Gaytan robbery. Section 12022.53, subdivision (b) provides that "'any person who, in the commission of a [robbery], personally uses a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 10 years. The firearm need not be operable or loaded for this enhancement to apply.'" Toy guns do not qualify as a firearm, nor do pellet guns or BB guns. (*People v. Monjaras* (2008) 164 Cal.App.4th 1432, 1435.) Whether appellant used a firearm in the commission of the robbery is for the trier of fact to decide and may be established by direct or circumstantial evidence. (*People v. Wilson* (2008) 44 Cal.4th 758, 806; *People v. Rodriguez* (1999) 20 Cal.4th 1, 12-13.)

Appellant argues that Gaytan's testimony was contradictory because Gaytan thought the shotgun was a toy. Appellant asks that we reweigh the evidence, something we cannot do. It is the jury, not the appellate court, who must be convinced of appellant's guilt beyond a reasonable doubt. (*People v. Millwee* (1998) 18 Cal.4th 96, 132.)

In *People v. Monjaras* (2008) 164 Cal.App.4th 1432, defendant demanded the victim's purse, pulled up his shirt, and displayed the handle of black pistol that was tucked in his waistband. The victim assumed the pistol was real and handed over her purse but could not say whether the pistol was real or a toy. (*Id.*, at p. 1436.) The Court of Appeal affirmed the robbery conviction and firearm enhancement on the ground that "the object's appearance and the defendant's conduct and words in using it may constitute

3

sufficient circumstantial evidence to support a finding that it was a firearm within the meaning of section 12022.53, subdivision (b). In other words, the victim's inability to say conclusively that the gun was real and not a toy does not create a reasonable doubt, as a matter of law, that the gun was a firearm. [Citation.]" (*Id.*, at p. 1437.)

In *People v. Law* (2011) 195 Cal.App.4th 976, defendant was convicted of assault with a firearm and personal use of a firearm. Affirming the conviction, the Court of Appeal noted that the evidence was stronger than *Monjaras* because the victim saw, felt, and heard the gun. (*Id.*, at p. 984.) "When the evidence shows that a criminal perpetrator threateningly displays what looks like a real firearm, a conviction or sentence enhancement depending on firearm use may not be reversed simply because the victim was not an expert on guns or failed to identify the exact make and model of the firearm employed. [Citation.]" (*Ibid.*)

Like *Monjaras* and *Law,* the evidence supports the finding that appellant used a real firearm to commit the robbery. Gaytan assumed that appellant was playing around until appellant jabbed him with the metal barrel and took his wallet. Gaytan's testimony was corroborated by the teenager (Jesus) who testified that the shotgun looked real. Based on appellant's words, conduct, and display of the shotgun, the jury reasonably drew the inference that appellant personally used a firearm. "Circumstantial evidence alone is often used to prove use of a firearm. This is so because when faced with what appears to be a gun, displayed with an explicit or implicit threat to use it, few victims have the composure and opportunity to closely examine the object; and in any event victims often lack expertise to tell whether it is a real firearm or an imitation." (*Monjaras, supra*, 164 Cal.App.4th at p. 1436.)

Appellant speculates there may be reasons why a robber would used a toy shotgun rather than a real firearm. Toy shotguns are a rarity. It took no leap of logic for the jury to find that the shotgun, metal barrel and all, was a real firearm and that appellant would shoot if Gaytan did not comply with the robbery demand. (*Monjaras, supra*, 164 Cal.App.4th at p. 1437.)

4

*Ineffective Assistance of Counsel*

Appellant argues that the conviction on the second and third robbery counts must be reversed because appellant did not receive effective assistance of counsel. Alvarado and Ramirez were robbed at the same time but only Alvarado testified. Over defense objection, Alvarado testified about Ramirez's hearsay identification of the robber. Appellant claims that his attorney did not ask for a limiting instruction and that no limiting instruction was given. This is belied by the record which shows that defense counsel requested, and the jury received, a modified CALCRIM 303 limiting instruction.

Alvarado stated that he had never seen appellant before but told the police that the robber went by the name "Malo" because he had been told that by Ramirez. Defense counsel argued that "this evidence come in for a limited purpose, not for the truth. It's hearsay." The prosecution argued that the statement was admissible under the state of mind exception to explain why Alvarado told the police the robber was Malo. Defense counsel agreed. The trial court ruled: "Technically, the objection is overruled. The statement from Mr. Alvarado will be used for a limited purpose, not for the truth of the matter asserted, . . . but for a limited purpose." Counsel said that she would submit a limiting instruction.

The trial court gave a modified CALCRIM 303 instruction as requested by defense counsel. The instruction stated that Ramirez's hearsay statement was admitted for a limited purpose and "[y]ou may consider that evidence only for that purpose and for no other."[3] Appellant complains that the jury was not instructed that the evidence could only be considered for the purpose of establishing Alvarado's mental state. Defense counsel, for tactical reasons, may not have wanted an amplifying instruction. Alvarado

---

[3] The CALCRIM 303 instruction stated: "During the trial, certain evidence was admitted for a limited purpose. Specifically, a witness was allowed to testify regarding what another person told him about the identity of the suspect. This evidence was admitted not for the truth of the information, but for another purpose. You may consider that evidence only for that purpose and for no other."

5

could not remember what the robber was wearing or whether he spoke Spanish, and changed his statement four months after the robbery. Counsel argued that identification was unreliable and that everyone in the neighborhood told Alvarado that the robber was Malo.

Appellant makes no showing that defense counsel failed to request a limiting instruction with respect to Ramirez's hearsay identification or that counsel's representation fell below an objective standard of reasonableness and prejudiced appellant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693]; *People v. Bolin* (1998) 18 Cal.4th 297, 333.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

6

F. Dino Inumerable, Judge

Superior Court County of Ventura

_____


        The Law Office of Greg May and Gregory Thomas May, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.